## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

### AT THE

### MARCH TERM, 1913.

*(Continued from Volume 173.)*

R. S. GILFILLAN et al., Respondents, v. J. E. WELSH, Appellant.

**Kansas City Court of Appeals, June 30, 1913.**

ACCOUNT STATED: Special Contract. In a suit for the balance due on an account for stone sold and delivered, where the suit is upon an account stated, the admission of the plaintiffs, that they agreed that if defendant would give his note for the balance, they would hold it as cash and credit it with any loss accruing to defendant from any defective material they had sold, does not destroy their right to recover as upon an account stated under the circumstances of this case. It is not shown that the stone was sold upon any such condition nor that an agreement as to the amount due was obtained by making any such agreement. And it does appear that the condition upon which the special contract was to rest was not complied with by appellant.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

174 Mo. App.]         (1)

*Clarence S. Palmer* for appellant.

*Geo. W. Morris* and *W. W. Calvin* for respondents.

TRIMBLE, J.—Appellant was sued by respondents for $756 upon an account stated for stone sold and delivered to appellant and used in paving a portion of West Eighth street in Kansas City, Missouri. The answer denied that it was ever agreed and determined that defendant remained indebted to plaintiff on account of said stone in the sum of $756 or in any other amount but alleged that the stone was fully paid for and that defendant held a receipt in full therefor. At the trial, appellant contended that he agreed to pay $1.75 per square yard for the stone instead of $1.90 as claimed by respondents and that this difference in the cost made the difference of $756 sued for. But it was clearly shown in evidence the respondents sold appellant the stone at $1.90 per square yard and that appellant paid respondents in cash the sum of $6969.50 leaving a balance due of $756, and that this balance was settled upon and agreed to by the parties. The jury found for respondents in the sum of $756, consequently their finding was against appellant's contention that the stone was sold at $1.70, and was a finding that appellant had not paid said account in full as claimed in his answer.

It seems that, in his paving contract with the city, appellant was required to give a ten year guaranty that he would keep the pavement in repair. The stone furnished by respondents to pave the street was a new and untried kind of stone, and, when appellant went to settle with respondents for the stone, he suggested that they give him a bond that the stone would last as they had said it would and thus save appellant from loss in case he was required at any time within ten years to repair on account of defective material. This

was not mentioned until after the stone had been sold and delivered and the parties were engaged in settling for the same. Respondents refused to give a bond, but, when appellant paid them in cash all except $756, they agreed that if appellant would give them his note for $756 they would hold it in lieu of the balance due on the account, and whatever stone appellant would have to replace under his guaranty, respondents would credit on said note. So that said note would in this way act as a sort of security to appellant that the untried stone would last as represented. As shown above, however, this was not set up in the answer, but the claim was made that the stone was bought at a less price than $1.90 a square yard and that at said less price the stone was fully paid for. Respondents admitted in their testimony that, when they went to figure the amount due on the account, appellant mentioned the matter of bond to them and that they refused to give a bond but did agree, as to the balance of $756 determined upon as due, that, if appellant would give them his note therefor, they would hold the same under the arrangement above mentioned.

It is the contention of appellant that, in-as-much as respondents admitted that when the balance of $756 was agreed upon they consented to accept a note for the same which they were to hold in lieu of cash as a sort of security to appellant during his ten years of guaranty, this created a special contract governing the terms of payment of the balance due on the contract, and destroyed the implied obligation to pay the balance due on the account raised by the agreement as to such balance. This contention is based on the doctrine that "Where an account is stated and as a part of the transaction there is an express promise to pay upon conditions different from that which otherwise the law would imply from the immediate adjustment of the account, such implied promise is excluded." 1 Cyc. 375. And, although appellant did

not raise any such issue in his pleading but claimed that the stone was fully paid for, yet, as respondents admit that they agreed to accept a note which would be held by them in lieu of the cash, therefore, he claims there was no evidence to support the implied promise alleged in the petition and consequently appellant's demurrer should have been sustained.

This contention overlooks two very important things. First, that the stone was sold without any agreement to give a bond or allow a portion of the money due therefor to be held by appellant as security, and that the agreement as to the amount due on the account was not obtained by means of any consent on the part of respondents to allow the balance to be retained and a note given in lieu thereof. Second, that the agreement to accept a note was made on condition that appellant give them his note, and this condition was not complied with. Instead of giving his note according to the terms of the special contract in reference to the payment of the balance due on the account, appellant did not see fit to comply with respondents repeated requests to settle the balance due. And when at last respondents were compelled to sue for said balance, appellant did not set up said special contract but denied the account claiming it was fully paid. When the amount due on the contract was agreed upon, appellant paid all but $756, and it was agreed that this amount was due, but appellant wanted to retain this until it was seen that the stone was as agreed upon. Respondents agreed to this on condition that a note is given, but this condition is not complied with. When the amount due on the account was ascertained and agreed upon, the law implied an agreement to pay same, in the absence of a special agreement to accept a note. Appellant thereupon was required to comply with his part of said special contract by executing and delivering the note, or at least to do so within a reasonable time. He did not do so

within that time, but, on the contrary, when sued, defended on the ground that the debt was fully paid. The failure to execute the note within a reasonable time, and thereby call into being the special contract, left the one implied by law in full force and effect. The promise of respondents to accept anything in lieu of the cash due on the account was on the condition that appellant would execute to them his note, and as that condition was never complied with, respondents are discharged from the operation of such promise even if there can be said to be any consideration for such promise. 9 Cyc. 641, 642. Hence, respondent's admission that they did agree to accept a note, if appellant would give it, did not destroy the right to recover nor did show that there was no account stated. The judgment is affirmed. All concur.